**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-02046 (BWB) |
| | ) | (Jointly Administered) |
| HARTMARX CORPORATION, | ) | |
| *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Hon. Bruce W. Black |
| ─────────────────────── | ) | |
| | ) | |
| Hartmarx Corporation, | ) | Civ. No. 09-cv-5406 |
| *et al.*, | ) | |
| | ) | |
| Debtors-Appellants. | ) | Hon. William J. Hibbler |
| | ) | |
| v. | ) | **Hearing Date:** September 22, 2009 |
| | ) | **Time:** 9:30 a.m. (CT) |
| Western Glove Works, | ) | |
| | ) | |
| Appellee. | ) | |

**MOTION OF PURCHASERS OF SUBSTANTIALLY ALL OF THE DEBTORS-APPELLANTS' ASSETS FOR LEAVE TO INTERVENE AS CO-APPELLANTS AND FILE ATTACHED OPENING BRIEF AND APPENDIX
*NUNC PRO TUNC* AS OF SEPTEMBER 16, 2009**

Pursuant to Rules 8011 and 2018(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Section 1109(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 24(a) and (b) of the Federal Rules of Civil Procedure (the "FRCP"), movants, Emerisque Brands UK Limited, SKNL North America, B.V. and their designee subsidiaries including HMX, LLC (collectively, the "Purchasers") hereby move the Court for entry of an Order granting them leave to (1) intervene as Co-Appellants, or (2) alternatively, substitute for the Debtors-Appellants as Appellants in this appeal, and (3) to file the attached Opening Brief

and Appendix *nunc pro tunc* as of September 16, 2009. In support of this Motion, the Purchasers state that they became real parties in interest in this appeal after the Debtors-Appellants filed their Notice of Appeal herein, that the Debtors-Appellants have expressed a preference (a) to devote their resources to other matters and (b) to have Purchasers intervene and take the lead in prosecuting this appeal consistent with the asset purchase agreement governing the purchase of the Debtors-Appellants' assets. Therefore, the Purchasers must intervene to protect their interests. In further support of this Motion, the Purchasers state as follows.

## STATEMENT OF RELEVANT FACTS

1. The Debtors-Appellants are debtors under Chapter 11 of the Bankruptcy Code in jointly administered cases currently pending under Case No. 09-02046 in the United States Bankruptcy Court for the Northern District of Illinois.

2. By that certain Amended and Restated Asset Purchase Agreement dated June 1, 2009 (the "Purchase Agreement," attached hereto and incorporated herein as **Exhibit A**),[1] as amended by the First Amendment dated as of July 31, 2009 (the "First Amendment," attached hereto and incorporated herein as **Exhibit B**), Purchasers purchased substantially all of the Debtors-Appellants' assets.

3. Appellee, Western Glove Works ("WGW"), filed objections to the Debtors-Appellants' motion before the Bankruptcy Court seeking approval of the sale of substantially all of the Debtors-Appellants' assets to the Purchasers and the requested assignment of that certain

---

[1] Due to the voluminous nature of the Purchase Agreement, the Purchasers have attached hereto the Purchase Agreement without its accompanying Exhibits and Schedules. The Purchase Agreement, inclusive of Exhibits and Schedules, was filed with the Bankruptcy Court and is available as Docket No. 485 in the underlying Bankruptcy Case of the Debtors-Appellants (Case No. 09-02046).

Agreement dated December 17, 2002 (as amended from time to time, the "<u>Services Agreement</u>"), between WGW and Debtor-Appellant, Simply Blue Apparel, Inc. ("<u>Simply Blue</u>"), as successor to Seymour J. Blue, LLC.

4. In its objections, WGW argued, among other things, that: (1) the Services Agreement was a trademark license; (2) as a trademark license, the Services Agreement was not assignable to the Purchasers without WGW's consent under Section 365(c) of the Bankruptcy Code; and (3) WGW did not, and would never, give its consent to the assignment of the Services Agreement to the Purchasers.

5. On this basis, WGW objected to the Debtors-Appellants' proposed assignment of the Services Agreement to the Purchasers as part of the sale of substantially all of the Debtors-Appellants' assets to the Purchasers.

6. On July 16, 2009, the Bankruptcy Court sustained WGW's objections without hearing any evidence.

7. On July 20, 2009, the Bankruptcy Court entered its order holding that the Agreement "was a license agreement which cannot be assigned by the Debtors without Western Glove's consent" (the "<u>Order</u>"). That Order is the subject of this appeal.

8. On July 21, 2009, before the First Amendment was prepared or agreed upon and before the sale of substantially all of the Debtor-Appellants' assets to the Purchasers was consummated and closed, the Debtors-Appellants filed their notice of appeal in this matter, seeking appellate review of the Bankruptcy Court's Order.

9. On August 7, 2009, the Debtors-Appellants and the Purchasers closed the sale of substantially all of the Debtors-Appellants' assets to the Purchasers pursuant to the Purchase Agreement and First Amendment. The sale of such assets did not include the assignment of the

Services Agreement, which agreement was left in the Debtors-Appellants' estates as an asset of those estates.

10. Pursuant to the Purchase Agreement and First Amendment, the Purchasers purchased the following rights, among other assets of the Debtors-Appellants:

> Section 1.1  Acquired Assets
>
> Purchasers shall purchase, free and clear of all Encumbrances (other than Permitted Encumbrances) and accept from the Sellers, all right, title and interest of the Sellers in and…
>
> \*   \*   \*
>
> " all rights to direct Sellers to assume and assign the WGW Agreement to Purchasers or their designee upon the earlier of (a) entry of a Final Order in the WGW Litigation by the Bankruptcy Court, the United States District Court for the Northern District of Illinois or any other court of competent jurisdiction (hereinafter referred to as the "Applicable Court") to which no appeal, motion to rehear or reconsider, motion for a stay pending an appeal, petition for certiorari, remand or any other application for judicial review or other protest of any kind relating thereto is pending or could be timely filed a "Final non-Appealable Order") deeming the WGW Agreement assumable and assignable to Purchasers….
>
> \*   \*   \*
>
> All rights, claims, defenses and causes of action, including, without limitation, all rights to prosecute and/or defend against any motion, appeal…arising from or related to…the Agreement, dated on or about December 17, 2002 between WGW and Seymour J. Blue, LLC, including all amendments, addendums, extensions, assignments and modifications thereto…[.]

*See* First Amendment, ¶1(a).

11. Further, the First Amendment provides that the Debtors-Appellants "acknowledge and agree that Purchasers are or shall be third party beneficiaries and/or true parties in interest

with respect to the WGW Litigation," which expressly includes this appeal pursuant to Exhibit 1.1(d) to the First Amendment. *See* First Amendment, ¶1(f).

12. By operation of these provisions of the Purchase Agreement and First Amendment, the Purchasers acquired the rights with respect to the litigation with the Appellee and became real parties in interest in this appeal. Accordingly, the Purchasers seek leave to intervene as Appellants or, alternatively, to substitute as Appellants for the Debtors-Appellants.

13. In addition, the Purchasers seek leave to file *nunc pro tunc* as of September 16, 2009 the Opening Brief (attached hereto as **Exhibit C** and incorporated herein) and Appendix[2] as and for their Opening Brief and Appendix as intervening Appellants.

## MEMORANDUM OF LAW

14. Section 1109(b) of the Bankruptcy Code provides that parties in interest "may raise and may appear and be heard on any issue in a case under this Chapter." 11 U.S.C. § 1109(b).

15. In addition, Rule 2018(a) of the Bankruptcy Rules permits "any interested entity" to intervene in a case upon notice and for cause shown.

16. Here, the Purchasers unquestionably are parties in interest, as they obtained upon the closing of the sale of substantially all of the assets of the Debtors-Appellants, the right to designate the assignee of the Services Agreement should this appeal be successful and the Services Agreement be deemed assignable to the Purchasers. Further, the Purchasers also obtained the right and title to this appeal, and for that additional reason are real parties in interest.

---

[2] Due to the voluminous nature of the Appendix, the Purchasers have filed the Appendix separately with the Court contemporaneously herewith.

*See Perry v. Zuccaro*, 227 F.3d 950 (7th Cir. 2000) (assignees of claims have standing to sue on claims); s*ee also, e.g., Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 17 (2d Cir. 1997) (claims or choses in action are freely assignable; the assignee of title to a cause of action has standing to sue as a real party in interest).

17.     Leave to amend should be freely given to allow the real party in interest to appear and be heard, so that claims may be decided on their merits and to avoid injustice. *Advanced Magnetics*, 106 F.3d at 19-20.

18.     On September 15, 2009, the Debtors-Appellants' counsel expressed to the Purchasers' counsel a preference that the Purchasers intervene in the appeal and take the lead in prosecuting such appeal. The Debtors-Appellants' counsel expressed the view that, in light of the closing of the sale pursuant to the Purchase Agreement and the First Amendment, and the rights acquired by the Purchasers thereunder, the Debtors-Appellants' resources would be better devoted to other matters pertaining to Debtors-Appellants' estates and having the Purchasers appear and take the lead on the appeal would avoid duplication of effort by Debtors-Appellants and Purchasers in addressing the issues raised in the appeal. *See* Declaration of Stephen O'Donnell, attached hereto and incorporated herein as **Exhibit D**, at ¶ 14. The Debtors-Appellants' counsel similarly advised the Purchasers' counsel on September 16, 2009 that the Debtors-Appellants had decided not to file an appellate brief but, instead, to file a motion for extension of time to file a brief. *Id.* at ¶ 15.

19.     The Purchasers have a right to appear and be heard in this appeal pursuant to Section 1109(b) of the Bankruptcy Code, as the Purchasers are parties in interest and this appeal concerns issues arising in this bankruptcy case. This case is not an adversary proceeding as defined in Rule 7001 of the Bankruptcy Rules and, accordingly, decisions holding that Section

1109(b)'s right to intervene does not apply to adversary proceedings are distinguishable from the issue at hand.[3] *See, e.g., Fuel Oil Supply and Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283 (5th Cir. 1985) and progeny.

20. In the alternative, the Purchasers' ownership of the designation rights under the First Amendment (contingent on appellate success), coupled with the Debtors-Appellants' counsel's representations to the Purchasers' counsel set forth in the O'Donnell Declaration, constitutes cause sufficient to warrant the Purchasers' intervention in this appeal pursuant to Bankruptcy Rule 2018(a) and Federal Rule of Civil Procedure 24(a)(2) and (b), to the extent applicable, given that the Purchasers claim an interest relating to the property at issue in this appeal, the outcome of this appeal may as a practical matter impair or impede the Purchasers' ability to protect that interest, and the Debtors-Appellants' counsel has demonstrated that the Debtors-Appellants will not adequately represent the Purchasers' interests in this appeal.

21. Under Rule 24(a)(2), the applicant for intervention need only show that its interest "may be" inadequately represented by the existing parties to the case. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972). Moreover, the burden of making the showing of inadequacy should be treated as minimal. *Id.* Where the existing party's interest in an issue before the court is different and lesser than that of the proposed intervenor, the latter "ordinarily should be allowed to intervene unless it is clear that the party will provide adequate

---

[3] Moreover, this appeal commenced as a contested matter before the Bankruptcy Court pursuant to Bankruptcy Rule 9014. Bankruptcy Rule 9014 expressly sets forth those Bankruptcy Rules which apply to contested matters. Bankruptcy Rule 7024, which incorporates FRCP 24 in bankruptcy adversary proceedings, does not apply to contested matters pursuant to Bankruptcy Rule 9014(c). Accordingly, the Purchasers submit that Bankruptcy Rule 7024 (and accordingly FRCP 24) is not applicable here.

representation for the absentee." *United States v. Am. Telephone & Telegraph Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980). Likewise, where the existing party expresses lack of equal interest in litigating the issues before the court than the interest expressed by the applicant for intervention, the showing of inadequate representation should be deemed sufficient and intervention allowed. *See Armour of Am. v. U.S.*, 70 Fed. Ct. Cl. 240, 246 (Ct. Claims 2006).

22. In this case, the Debtors-Appellants have expressed their disinterest in prosecuting this appeal and their preference that Purchasers intervene and take the lead. Moreover, given that success in this appeal would result in the Purchasers acquiring the right under the Purchase Agreement and First Amendment to direct the Debtors-Appellants to assign the Services Agreement to the Purchasers' designee, the Debtors-Appellants plainly do not have as substantial an interest in the outcome of this appeal as do the Purchasers. For these reasons, the Purchasers should be allowed to intervene under FRCP 24(a)(2) or, alternatively under FRCP 24(b), if this Court deems Federal Rule of Civil Procedure 24 applicable in this instance.

23. Further, the Purchasers' intervention in this appeal, particularly in light of the fact that the Purchasers have served their proposed Opening Brief on counsel for the Appellee with the filing of this Motion, will not materially delay this appeal, nor will it impair or impede Appellees rights with respect thereto.[4]

WHEREFORE, the Purchasers respectfully request entry of an order granting them leave to (1) intervene as Co-Appellants, or (2) alternatively, to substitute for the Debtors-Appellants as

---

[4] Despite these facts, the Purchasers expect that the Appellees will object to the relief requested herein.

Appellants, and (3) to file the attached Opening Brief and accompanying Appendix *nunc pro tunc* as of September 16, 2009.

                                          Respectfully submitted,

Dated:  September 16, 2009

                                      */s/ Stephen O'Donnell*
                                      Stephen O'Donnell, Esq. (ARDC# 6193883)
                                      STEPTOE & JOHNSON LLP
                                      115 South LaSalle Street
                                      Suite 3100
                                      Chicago IL 60603
                                      Telephone: (312) 577-1231
                                      Facsimile: (312) 577-1370

                                      *Counsel for Emerisque Brands UK Limited and SKNL North America, B.V.*